UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

HARRY NICHOLSON,
    Plaintiff,

vs.  09-1145

ROGER WALKER, et. al.,
    Defendants.

## CASE MANAGEMENT AND MERIT REVIEW ORDER

    This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The plaintiff, Harry Nicholson, has submitted a complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at Hill Correctional Center. The plaintiff has named 18 specific defendants including: Illinois Department of Corrections Director Roger Walker; Administrative Review Board Member Brian Fairchild; Assistant Warden Michelle Pulley; Lieutenants Durham, Price, and Chapin; Investigator Tammy Bennett; Counselors Evelyn Johnson, Gary Pompel and Robert Schisier; Operations Director Gerald Buscher; Clinical Services Supervisor David Rayborn; Medical Director Michael Puisis; Major Knott; Correctional Officers Sanders and Shea, and Assistant Warden Wright. The plaintiff has also named an unspecified number of Jane and John Doe defendants.

    The only mention of the "Jane/John Doe Defendant(s)" is in the caption of the plaintiff's complaint. (Comp, p. 1). This is not sufficient and therefore the court will dismiss these individuals from the lawsuit. *Collins v. Kibort, et al.,* 143 F. 3d 331, 334 (7th Cir. 1998) ("plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

    The body of the plaintiff's complaint is 17 pages long, but has approximately 100 pages of exhibits attached. The plaintiff cannot attach dozens of pages of exhibits to his complaint and ask the court and defendants to weed through these documents in hopes of discerning all claims. The Federal Rules of Evidence require that the plaintiff submit "a short and plain statement of his claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that "the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim." *Ross Brothers Construction Co., Inc, v.*

*International Steel Services, Inc*. 2002 WL 413172 at 4 (7th Cir. 2002) quoting *Davis v. Ruby Foods, Inc*., 269 F.3d 818, 820 (7th Cir. 2001).  The court will accept the plaintiff's complaint, but will direct the clerk of the court to strike all exhibits attached to the complaint.

The plaintiff's complaint does not clearly state how each of the 18 defendants is specifically responsible for his allegations, nor does he clearly identify his intended claims.  The court has identified the following allegations in the complaint:

1) FAILURE TO PROTECT.  The plaintiff says on June 27th and 28th of 2007 he sent a request form to Defendant Durham telling him that he had been threatened by Inmate Jackson and asking to be moved.  The plaintiff says he also sent notes to the Warden, the Assistant Wardens and "Internal Affairs." (Comp, p. 10).  The plaintiff has identified the Warden as Defendant Acevedo and the Assistant Wardens as Defendants Pulley and Wright.  However, the plaintiff does not identify any specific individual that he sent his note to in Internal Affairs, nor does he identify anyone who received or reviewed the note in Internal Affairs.

On June 30, 2007, the plaintiff alleges that Inmate Jackson entered his cell and attacked him.  The plaintiff says he was seriously injured and taken to the Health Care Unit.  The plaintiff says he was forced to protect himself and the incident would not have happened if defendants had paid attention to his claim and done their jobs.  It is possible the plaintiff can demonstrate that the defendants failed to protect him from an inmate attack in violation of his 8th Amendment rights.  Although the plaintiff was eventually disciplined for fighting as a result of this incident, the plaintiff maintains his only actions were in self defense.

The plaintiff also alleges that during the assault on June 30, 2007, no one was monitoring security cameras or doing the required security rounds.  However, the plaintiff does not identify any specific defendants.

The plaintiff also notes that several employees including the grievance officers failed to show any concern for his safety.  However, the plaintiff cannot state a failure to protect claim based on information provided to defendants AFTER the assault took place.

2) DUE PROCESS.  The plaintiff received a disciplinary ticket on July 15, 2007 for fighting as a result of the incident.  It is not entirely clear, but it appears the ticket was written by Investigator Tammy Bennett.  The plaintiff says he was found guilty and received one month in segregation and one month of C-grade status.  The plaintiff again states that any physical contact he had with the other inmate was in an effort to defend himself.  While that may be true, the Illinois Department of Corrections does not allow any physical altercations and writing the disciplinary ticket alone does not state a violation of the plaintiff's constitutional rights.

The plaintiff also says he was denied a fair hearing.  The defendant says Grievance Officers Johnson, Pompel and Schisier failed to investigate his claims.  This does not state a

violation of the plaintiff's constitutional rights. The court notes that "grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996). " The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution." *McGee v Mayo,* 2005 WL 1263141 at 3 (S.D. Ill May 27, 2005) *citing Maust v Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v Jurich,* 681 F.2d 1091 (7th Cir. 1982).

The plaintiff also makes a vague claim that the records of the incident were falsified, but does not explain or clarify this allegation. Finally, the plaintiff says his witnesses were not called at the hearing. The plaintiff does not clearly identify which defendants were involved in the Adjustment Committee hearing, but the plaintiff has again failed to state a violation of his constitutional rights. The due process clause applies only to deprivations of life, liberty and property, and the penalties imposed against the plaintiff - a month in segregation and a month of C-grade status- "affect neither 'liberty' or 'property' as *Sandin v Conner,* 515 U.S. 472 (1995), defined those terms in contest of prison conditions." *Antoine v Uchtman,* 2008 WL 1875948 at 1(7th Cir. April 16, 2008).

3) DUE PROCESS: Approximately one year after the first assault, the plaintiff states that he was assaulted by his cell mate, Inmate Smith, on June 2, 2008. This was not one of the inmates the plaintiff had previously complained about. The plaintiff again received a disciplinary ticket for fighting. The plaintiff says due to the seriousness of his injuries, he was medicated and does not believe he received a fair hearing. The plaintiff again says no investigation was done and he was found guilty. The plaintiff says he repeatedly asked for pictures to be taken of his injures, but none were taken. The plaintiff also alleges the Adjustment Committee final report was written and finalized before the hearing was ever held, but it is not clear how that could have occurred. The plaintiff was again found guilty and received one month C-grade status and one month in segregation. The plaintiff says Defendants Chapin and Sanders were involved with this Adjustment Committee hearing. Again, the plaintiff has failed to state any due process claims for the reasons stated above.

4) DENIAL OF MEDICAL CARE: The plaintiff claims in his complaint that he was taken to the health care unit after each assault. However, at the conclusion of his complaint, the plaintiff says he still suffers from constant pain from these assaults and "suffers from a lack of medical attention/medical treatment." (Comp, p. 15) The plaintiff says Agency Medical Director Michael Puisis told him there is no facility available to give the plaintiff the treatment he needs and apparently claimed they will continue to transfer the plaintiff to prevent him from receiving proper treatment. The plaintiff has adequately alleged a violation of his Eighth Amendment rights against Defendant Puisis.

The plaintiff is advised that he will have to pass both an objective and a subjective test in order to establish that Defendant Puisis violated the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The first prong of the test

requires the plaintiff to demonstrate that the alleged deprivation was sufficiently serious. *Id*. The second prong of the test requires the plaintiff to show that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

"[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)(citing *Farmer* at 840-42)  Inadequate medical treatment due to negligence or even gross negligence does not support an Eighth Amendment violation. *Shockley v Jones*, 823 F.3d 1068, 1072 (7th Cir. 1987).  In addition, inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. *Forbes v. Edgar,* 112 F.3d, 262, 267 (7th Cir. 1997). "[P]roof of deliberate indifference may be found where a prison official intentionally denies or delays access to medical care or intentionally interferes with the treatment once prescribed." *Jones v. Natesha* ,151 F.Supp.2d 938, 945 (N.D. Ill. 2001) *citing Ford,* 2001 WL 456427 at 6.   However, "an inmate who complains that delay in medical treatment rose to constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Langston v Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996).

5) REMAINING CLAIMS: The plaintiff's complaint also contains a number of random allegations that do not rise to the level of a constitutional violation.  For instance, the plaintiff says Officer Shea asked him questions about the second assault in front of other inmates.  This alone does not state a violation of the plaintiff's constitutional rights.  The plaintiff said he chose to go on a hunger strike because no one would listen to his claims.   The plaintiff says Officer Knott told the plaintiff that if he would have to end his hunger strike if he wanted further medical treatment.  In addition, the plaintiff was told that at a certain point, he would be force fed.  Officer Knott also said he would look into the plaintiff's claims.  The plaintiff says nothing was done.  The plaintiff does not claim Officer Knott did in fact delay or deny any medical care.

The court also notes in the relief requested portion of his complaint, the plaintiff asks for a preliminary injunction ordering the defendants to provide him with proper medical treatment.  The motion is denied.   The defendants in this case have not been served and the plaintiff has provided no specific information of a injury that needs specific treatment.

## CONCLUSION

The court finds that the plaintiff's complaint states the following claims:

1) Defendants Durham, Acevedo, Pulley and Wright failed to protect the plaintiff from an inmate attack in violation of the 8th Amendment.

2) Defendant Puisis was deliberately indifferent to the plaintiff's serious medical condition in violation of the 8th amendment.

4

The court will dismiss all other intended claims and defendants for failure to state a claim upon which relief can be granted. The court notes that the plaintiff did not clearly state claims involving many of his named defendants. If the plaintiff chooses to file an amended complaint, he should be aware of the following:

1) AMENDED COMPLAINT MUST BE COMPLETE: the court does not permit piecemeal amendments. If the plaintiff wishes to file an amended complaint, he must submit the proposed amended complaint setting forth all claims against all defendants. The amended complaint must stand complete on its own, without reference to the original complaint. This prevents confusion over intended claims and defendants.

2) DEFENDANTS: "(A) defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to arise under 42 U.S.C. §1983." *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981). In addition, the doctrine of *respondeat superior* (supervisor liability) does not apply. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). "(A) supervising prison official cannot incur §1983 liability unless that officer is shown to be personally responsible for a deprivation of a constitutional right." *Vance v Peters,* 97 F.3d 987, 992 (7th Cir. 1996).

3) EXHAUSTION REQUIREMENT. The plaintiff may not include a claim in his complaint if he has not fully exhausted his administrative remedies for the claim.

4) PROPER CLAIMS: The complaint must not include allegations that concern unrelated matters and different sets of defendants. In *George v. Smith,* 507 F.3d 605, 607, (7th Cir. 2007), the court of appeals held that a prison may not "dodge" the fee payment or three strikes provisions in the Prison Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit. "[M]ultiple claims against a single party are fine, but a Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.* at 606; *see also Wise v Kenosha County Sheriff,* 2008 WL 714141 (E.D. Wis. March 14, 2008); *Mitchell v Martin,* 2007 WL 4206989 (Nov. 28, 2007); *Hairston v. Walker,* 2007 WL 4293072 (S.D. Ill. Dec. 4, 2007); *Link v. Taylor,* 2008 WL 474228 (N.D. Ind. Feb. 20, 2008); *Crosby v. Bonor,* 2008 WL 1882851 (N.D. Ind. April 23, 2008); *Diaz v. Coll,* 2008 WL 2783262 (E.D. Cal. July 15, 2008).

If the plaintiff chooses to file unrelated claims against unrelated defendants in an amended complaint, the plaintiff may run the risk of acquiring a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED:**

**1) The clerk of the court is directed to strike the attachments to the plaintiff's complaint. (Pages 19 - 124)**

**2) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court**

**finds that the plaintiff states the following federal claims:**

> **a) Defendants Durham, Acevedo, Pulley and Wright failed to protect the plaintiff from an inmate attack in violation of the 8th Amendment.**
>
> **b) Defendant Puisis was deliberately indifferent to the plaintiff's serious medical condition in violation of the 8th amendment.**
> **The claims are against the defendants in their individual capacities.**

**3) All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. Therefore, the clerk of the court is directed to dismiss Defendants Walker, Fairchild, Price, Chapin, Bennett, Johnson, Pompel, Schisier, Buscher, Rayborn, Knott, Sanders, Shea and the Jane and John Doe defendants.**

**4) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**5) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**6) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**7) The plaintiff's motions within his complaint for a preliminary injunction is denied.**

**8) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

    Entered this 8th Day of June, 2009.


                        s|Harold A. Baker
            _____
                        HAROLD A. BAKER
                 UNITED STATES DISTRICT JUDGE